UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHAQUALA T. CYRUS,<br><br>          Plaintiff,<br><br>v.<br><br>DIVERSIFIED CONSULTANTS, INC.,<br><br>          Defendant. | CIVIL COMPLAINT<br><br>CASE NO.   3:18-cv-01704<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes SHAQUALA T. CYRUS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DIVERSIFIED CONSULTANTS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age residing in Mesquite, Texas, which is located within the Northern District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant "is a full service collection agency" that provides third-party accounts receivables management to its clients.[1] Defendant is a corporation organized under the laws of the state of Florida with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida. Defendant regularly collects upon consumers located in the State of Texas.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In early 2018, Plaintiff began receiving calls to her cellular phone, (469) XXX-6508, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -6508. Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] https://www.dcicollect.com/diversified-consultants-solutions-page/

11. Upon answering calls from Defendant, Plaintiff experiences a noticeable pause, lasting several seconds in length, and often has to say "hello" several times before she is connected with a live representative.

12. Upon speaking with Defendant, Plaintiff is informed that it is attempting to collect upon a consumer debt ("subject debt") owed by Plaintiff's fiancé, Cedric Flowers ("Mr. Flowers").

13. In response, Plaintiff has informed Defendant that the phone number ending in -6508 does not belong to Mr. Flowers, and has demanded that Defendant stop contacting her.

14. Despite Plaintiff's demands, Defendant has continued to relentlessly call Plaintiff's cellular phone up until the date of the filing of this action, in an attempt to collect upon the subject debt, even though Plaintiff is not the debtor.

15. Defendant has mainly used the phone number (855) 694-5352 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

16. Upon information and belief, the above-referenced phone number ending in -5352 is regularly utilized by Defendant during its debt collection activity.

17. Defendant has also placed multiple calls to Plaintiff's cellular phone during the same day.

18. For instance, from June 5, 2018 through June 22, 2018, Defendant placed not less than 21 phone calls to Plaintiff's cellular phone.

19. In sum, Plaintiff has received not less than 45 phone calls from Defendant since asking it to stop calling.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though full set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a third party debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 1994.[2]

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692b & c(b)**

28. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Additionally, under §1692b(3), a debt collector "shall not communicate with any such person more than once unless requested to do so by such person or

---

[2] http://www.acainternational.org/search#memberdirectory

4

unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

29. Defendant violated §1692b, b(3), and c(b) by contacting Plaintiff on a number of occasions seeking to collect upon a debt owed by Mr. Flowers.  Plaintiff explicitly notified Defendant that she was not the individual it was looking for and demanded that it stop calling. Defendant had more than enough information to know that the number it was calling did not belong to Plaintiff. Armed with this information, Defendant nevertheless continued to call Plaintiff's cellular phone.

### b.  Violations of FDCPA §1692c(a)(1) and §1692d

30. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop and that Plaintiff was not the underlying debtor. Defendant called Plaintiff at least 45 times after she demanded that it stop and after becoming aware that Plaintiff was not the party it was seeking.  This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

32. Defendant was notified by Plaintiff that its calls were not welcomed, as she was not the individual Defendant was asking for.  As such, Defendant knew that its conduct was inconvenient and harassing to her.

### c. Violations of FDCPA §1692e

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

35. Defendant violated §1692e and e(10) when it used deceptive means to collect or attempt to collect the subject debt. Defendant repeatedly contacted the wrong individual seeking to collect upon a debt, and was even notified by Plaintiff that it was calling the wrong person and to stop calling. Nevertheless, Defendant called Plaintiff at least 45 times in a deceptive attempt to force her to answer its calls and ultimately make a payment, even though she was not the underlying debtor. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when not only did it not have consent to do so in the first place, but was also subsequently told to stop calling.

### d. Violations of FDCPA §1692f

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated §1692f when it unfairly and unconscionably contacted Plaintiff in an attempt to collect upon a debt which was not owed by Plaintiff.  Attempting to coerce payment by

placing voluminous phone calls after becoming privy to the fact that it is contacting the wrong person and being told to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

38. As pled in paragraphs 19 through 22, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, SHAQUALA T. CYRUS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

41. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

42. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

a.  **Violations of TDCA § 392.302(4)**

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

44. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 45 times after she notified it to stop calling and after having notice that Plaintiff was not the purported debtor. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive. Further, the nature and volume of phone calls, including multiple calls during the same day, would naturally cause an individual to feel oppressed.

45. Upon being told to stop calling, Defendant had ample reasons to be aware that it should not continue its harassing conduct. Yet, Defendant consciously chose to continue placing collection calls to Plaintiff's cellular phone in an attempt to force her into submission.

WHEREFORE, Plaintiff, SHAQUALA T. CYRUS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 29, 2018                                    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)           s/Taxiarchis Hatzidimitriadis

| | |
|---|---|
| Nathan C. Volheim, Esq. #6302103<br>Counsel for Plaintiff<br>Admitted in the Northern District of Texas<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Ave., Suite 200<br>Lombard, Illinois 60148<br>(630) 568-3056 (phone)<br>(630) 575-8188 (fax)<br>nvolheim@sulaimanlaw.com | Taxiarchis Hatzidimitriadis, Esq. #6319225<br>Counsel for Plaintiff<br>Admitted in the Northern District of Texas<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Ave., Suite 200<br>Lombard, Illinois 60148<br>(630) 581-5858 (phone)<br>(630) 575-8188 (fax)<br>thatz@sulaimanlaw.com |